# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : Case No. _____ |
| v. | : |
| | : |
| **MATTHEW CASTLE** | : |
| **SECOR, INC.** | : |

## AGREED STATEMENT OF FACTS SUFFICIENT TO ESTABLISH A FACTUAL BASIS FOR A PLEA OF GUILTY

This Agreed Statement of Facts Sufficient to Establish a Factual Basis for a Plea of Guilty ("Agreed Statement of Facts") briefly summarizes sufficient facts and circumstances surrounding the criminal conduct of Matthew Castle and Secor, Inc. ("Secor") in this case to establish a factual basis for a plea of guilty. It does not contain all the information obtained during the investigation or all the information applicable to an accurate Presentence Investigation Report or a Sentencing Guidelines calculation. This Agreed Statement of Facts is not protected by proffer agreement or any other agreement, and it shall be wholly admissible at trial notwithstanding any rules or statutes to the contrary.

During the time relevant to the Information, Secor operated as a residential reentry center (commonly called a "halfway house") for inmates from the Federal Bureau of Prisons ("BOP") who were nearing the end of their federal prison

1

sentences. Secor was located in Russell County, Virginia, which is within the Western District of Virginia. Matthew Castle was Secor's President and Director.

During the relevant time, Castle and Secor, as principals and aiders and abettors, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States. In addition, Castle and Secor, as principals and aiders and abettors, devised and intended to devise a scheme to defraud and obtain money by means of materially false and fraudulent pretenses, representations, and promises. It was part of the scheme that Castle and Secor, to obtain monetary payments from the BOP, submitted to the BOP, by wire communication in interstate commerce, fraudulent invoices containing materially false representations regarding contractual duties owed by Matthew Castle and Secor to the Federal Bureau of Prisons.

In 2018, Secor entered into a contract with the Federal Bureau of Prisons. Castle signed the contract on Secor's behalf. The contract incorporated a "Statement of Work," which explained Secor's contractual obligations regarding Secor's care and oversight of federal offenders. Pursuant to the contract, some of the offenders resided on Secor's premises, while other offenders were assigned to "home confinement," meaning that those offenders resided at an approved residence not owned by Secor. BOP paid Secor a per diem rate for both types of offenders. The

per diem rate for home-confinement offenders was half the rate that BOP paid for on-premises offenders.

Under the contract, Secor was required to outfit home-confinement offenders with GPS monitoring equipment so that the offenders' whereabouts could be determined at all times. In addition, BOP required Secor personnel to personally visit each offender's residence on at least a monthly basis. These "home visits" were meant to ensure that the inmates were living at their assigned residences, in a safe environment, and in accordance with applicable rules. When a Secor employee conducted such a home visit, the employee was required to complete paperwork (1) certifying that he or she had conducted the visit and (2) noting any issues from the visit. During the relevant time, Castle held himself out as the Secor employee who conducted these home visits.

Despite the terms of the contract, Secor and Castle failed to outfit many of Secor's home-confinement offenders with GPS monitoring equipment. In addition, Castle and Secor failed to conduct home visits as required. During BOP-conducted interviews of home-confinement offenders, numerous offenders confirmed they had never been provided with GPS equipment and Secor personnel had not visited their residences as required. Nonetheless, Castle completed documents certifying that he had conducted such visits and noted no issues during the purported home visits. Typically, these documents, which Castle personally signed, indicated that "things

3

were going well"; that the offender "had no questions or concerns to address at the time"; and that Castle had asked the offender about his or her home, employment, phone service, substance-abuse treatment or other classes, medications, and substance abuse. These signed documents were false. This documentation was subject to inspection by BOP personnel during regularly conducted BOP inspections at Secor. During the relevant time, BOP personnel inspected and reviewed this falsified documentation.

Each month, Castle and Secor transmitted, via e-mail, invoices from Secor to BOP personnel in Butner, North Carolina. Those invoices sought per-diem payment, pursuant to the terms of the contract between Secor and the BOP, for all of Secor's home-confinement offenders. Based on Castle and Secor's representations that Castle and Secor were providing home-confinement services in accordance with the contract, the BOP issued electronic payments to Secor. During the relevant time, these payments totaled $208,105.16.

The BOP is part of the Executive Branch of the government of the United States.

By signing below, Matthew Castle affirms that he has reviewed this statement of facts with his attorney, and that he agrees it is true and accurate. Likewise, by signing below, Secor, Inc. affirms that its authorized representative has reviewed this statement of facts with Secor's attorney, and that the statement of facts is true

4

and accurate. Matthew Castle and Secor further agree that, had this matter proceeded to trial, the government would have proven the facts outlined above beyond a reasonable doubt.

| | |
|---|---|
| 10.09.2023<br>Date | *Matthew Castle*<br>Matthew Castle<br>Defendant |
| 10.09.2023<br>Date | *Matthew Castle*<br>Secor, Inc. (signed by representative)<br>Defendant |
| 10/9/2023<br>Date | *Danny Murphy*<br>Danny Murphy<br>Attorney for Defendant |
| Oct. 9, 2023<br>Date | *Whitney D. Pierce*<br>Whitney D. Pierce<br>Assistant United States Attorney |

5